UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAM VO | CIVIL ACTION |
| VERSUS | NO. 10-4624 |
| ST. CHARLES PARISH, ET AL. | SECTION "J"(4) |

## REPORT AND RECOMMENDATION

While in the process of conducting its statutory review, the defendants filed a **Motion to Dismiss for Failure to State a Claim (R. Doc. 9)** and a **Motion to Dismiss Pursuant to 28 U.S. §1915(e)(2)(B) Rules 12(B)(1) or Alternatively Rule 12(B)(6) and for Insufficiency of Service of Process Pursuant to Rules 12(B)(5) (R. Doc. 10)** which were referred to the Magistrate Judge for the handling of pre-trial matters, including an evidentiary hearing if necessary and submission of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Upon review of the entire record, the Court has determined that this motion can be disposed of without an evidentiary hearing. The Court further dismisses as moot the Motions filed by the defendants for the reasons assigned herein.

I.      **Factual Background**

The plaintiff, Tam Vo ( "Vo"), filed this civil rights action against the defendants, St. Charles Parish and attorney Lantz Savage[1], seeking damages under federal law for the alleged violation of his constitutional rights.

---

[1]The Plaintiff incorrectly identified Lantz Savage as Lance Savage.

Vo generally alleges that the defendants violated his civil rights by discriminating against him and violating his equal rights. He also alleges that an officer of the court violated his due process rights and committed a fraud on the court. As a result of the experience he complains about, Vo seeks damages in the amount of two million dollars and he also seeks a judgment finding that he should be treated equally and not discriminated against because of gender.

On January 31, 2011, St. Charles Parish filed a Motion to Dismiss contending that the plaintiff's Complaint fails to make any substantive allegation as to any conduct by the Parish which would subject it to liability. (R. Doc. 9.) The Parish also contends that it is immune from suit. On February 1, 2011, Lantz Savage also filed a Motion to Dismiss contending that he is an improper defendant because he is a private citizen and a private attorney and not a state actor for purposes of Section 1983. (R. Doc. 10.)

He further contends that the Complaint should be dismissed for lack of subject matter jurisdiction and because the service of process was insufficient. Because the Court finds that the Complaint is frivolous, for the reasons set forth below in this Opinion, the Court recommends that both motions by the defendants be denied as moot. Further, the Court cautions counsel that 28 § 1915 (e)(2)(B) does not create a right by a party to request that the Court fulfill its statutory duty. The Court further notes that it continuously honors its obligation and the continued efforts by counsel to pursue relief regarding this statute when no authority exists renders their efforts frivolous and vexatious.

**II.     Standards of Review**

The very statute allowing plaintiff to proceed as a pauper also requires the Court to screen a pauper-plaintiff's complaint and dismiss it without service of process at any time when the Court makes a determination that the complaint is frivolous. Section 1915(e)(2)(B) of Title 28 of the United States Code reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
> (B) the action or appeal-
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In cases in which a plaintiff seeks to proceed without the prepayment of the required filing fee and attendant fees for service of process, courts have long had the authority to dismiss *in forma pauperis* complaints if satisfied that the claims asserted are frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B) (2006); *see also*, former 28 U.S.C. § 1915(d).[2]

Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner *in forma pauperis* cases. *James v. Richardson*, 344 F. App'x 982, (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(I) and (ii))).

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly

---

[2]Section § 1915(d) was superseded by 28 U.S.C. § 1915(e)(2)(B) as a part of the Prison Litigation Reform Act of 1996 ("PLRA").

3

baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III. Review for Frivolousness

Vo seeks relief in this case for the alleged violation of his federal constitutional rights as a result of the actions of the defendants.  Section 1983 imposes liability on any person who violates someone's constitutional rights while acting under color of state law.  42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).  Under § 1983, the plaintiff must prove that a constitutional violation occurred, and that the actions were taken by a "person" under color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).  Vo is proceeding herein as a pauper and his complaint must first be screened for frivolousness under § 1915(e).  In doing so, the Court finds that the § 1983 claims against the Defendants are improper and should be dismissed as frivolous.

### IV. Improper Defendants

#### A. St. Charles Parish

Vo included St. Charles Parish as a defendant in the caption of his complaint and in the list of defendants in the first paragraph of the complaint.  However, he has not stated any allegation against the Parish or any basis for having included them as defendants.

St. Charles Parish, as a local governing body, is a "person" within the meaning of § 1983 and therefore is subject to suit under that provision.  *Monell*, 436 U.S. at 694.  However, a governmental body may not be held vicariously liable for the actions of its employees; rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible."  *Monell*, 436 U.S. at 694.  As noted above, the plaintiff must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury.  *See Collins*, 503 U.S. at 122-24; *Berry*, 670 F.2d at 33-34.

In the instant case, Vo has not alleged any basis for having named the Parish in his complaint. He has not identified a Parish policy, practice, or custom which caused the damages he asserts in the manner contemplated *Monell*. Instead, his claims are based generally on the actions or inactions of other individuals. Consequently, the claims against St. Charles Parish should be dismissed as frivolous and for failure to state a claim for which relief may be granted pursuant to § 1915(e).

### B.      Lantz Savage

Vo also names Lantz Savage, an attorney as a defendant. Under a broad reading, Vo has named Savage as a defendant under § 1983 for allegedly committing a fraud on the courts as an officer in violation of his due process rights. Savage however, is not a state actor and therefore cannot be held liable under § 1983. There are no allegations that the attorney was associated with the state in any way which would render him a state actor for purposes of § 1983. Further, there are no allegations in the Complaint that would support a finding that Savage, as a private individual, should be held liable under § 1983.

A private person or a non-state actor may also be liable under § 1983 if there is some proof of an overt joint action taken with the State or one of its agents, to violate his constitutional rights. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *Pete v. Metcalf*, 8 F.3d 214, 216-17 (5th Cir. 1993); *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992). Vo makes no allegations that Savage was involved in a conspiracy with a state official in his Complaint.

Even if he had referenced the word conspiracy, however, the allegation of a conspiracy between private and state actors requires more than conclusory statements. *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) (holding that "mere conclusory allegations of conspiracy cannot, absent reference to material facts" state a claim of conspiracy)). The plaintiff must allege: (1) an agreement between the private

and public defendants to commit an illegal act; and (2) a deprivation of constitutional rights. *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994). "Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty.*, 354 F.3d 414 (5th Cir. 2004). Vo provides no factual basis from which this Court can glean an allegation of conspiracy sufficient to render Savage as a state actor. *See Brinkmann*, 793 F.2d at 113; *Arsenaux*, 726 F.2d at 1024. Because Vo has not shown that Savage is a state actor for purposes of §1983, his claims against Savage should be dismissed as frivolous.

## V.     Recommendation

It is therefore **RECOMMENDED** that Vo's § 1983 claims against the defendants, St. Charles Parish and Lantz Savage, be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(b).

It is **FURTHER RECOMMENDED** that in light of this Court's frivolous review, the pending **Motion to Dismiss for Failure to State a Claim (R. Doc. 9)** and **Motion to Dismiss Pursuant to 28 U.S.C. § 1915(e)(2)(B) Rules (B)(1) or Alternatively Rule 12(B)(6) and for Insufficiency of Service of Process Pursuant to Rules 12(B)(5) (R. Doc. 10)** be **DISMISSED AS MOOT.**

New Orleans, Louisiana, this 3rd day of February, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**